**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

TIMOTHY W. MURRAY, et al.,                )          CASE NO. 4:25-cv-2482
                                          )
                                          )
              Plaintiffs,                 )          CHIEF JUDGE SARA LIOI
                                          )
vs.                                       )
                                          )          MEMORANDUM OPINION
                                          )          AND ORDER
HERITAGE THERMAL SERVICES, et al.,        )
                                          )
                                          )
              Defendants.                 )

Now before the Court is the motion of plaintiffs, Timothy Murray and Colleen Murray, to extend the expert report deadline. (Doc. No. 14 (Motion).) After reviewing the short motion, the Court requested briefing on plaintiffs' request. (Order [non-document], 7/14/2026.) Defendants, Heritage Thermal Services and Heritage Thermal Services, Inc., have filed an opposition to the motion (Doc. No. 15), and plaintiffs have filed a reply. (Doc. No. 16.)

On September 10, 2025, plaintiffs filed this action against defendants in state court seeking damages for serious injuries sustained by Timothy Murray while working as a vendor of defendants' when defendants' agent or representative allegedly dropped a heavy-gauge tank on him. (*See generally* Doc. No. 1-2 (Complaint).) Colleen Murray seeks damages for loss of consortium. (*Id.* ¶ 9.) On November 14, 2025, defendants removed the action to federal court on the basis of diversity jurisdiction. (Doc. No. 1 (Notice of Removal) ¶ 7.)

On December 12, 2025, the Court conducted a case management conference, during which the Court set dates and deadlines for the case, based largely on the parties' jointly proposed dates.

(Doc. No. 9 (Case Management Plan and Trial Order ("CMPTO")); Minutes of Proceeding [non-document], 12/12/2025; *see* Doc. No. 8 (Report of Parties' Planning Meeting).) Pertinent to the present motion, the Court set May 13, 2026, the date proposed by the parties, as the date for the party with the burden of proof to identify experts and provide reports. (Doc. No. 9, at 1; Doc. No. 8, at 2.) On April 14, 2026, plaintiffs filed a motion to extend certain dates in the CMPTO. (Doc. No. 13.) The motion sought an approximately five-month extension of fact discovery, as well as extensions of all of the expert discovery deadlines. (*Id*.) Notwithstanding the fact that the motion provided little or no basis for the request, the Court granted the motion, as it was unopposed. (Order [non-document], 4/15/2026; *see* Doc. No. 13, at 1.) As a result of the extensions, plaintiffs' deadline for providing expert reports was continued from May 13, 2026, to July 13, 2026. (*Id*.) On the final day of this extended period—July 13, 2026—plaintiffs filed the present motion.

"Rule 16 [of the Federal Rules of Civil Procedure] permits district courts to amend the pretrial scheduling order provided that the movant demonstrates 'good cause.'" *Smith v. Holston Med. Grp., P.C*., 595 F. App'x 474, 478 (6th Cir. 2014) (affirming trial court's denial of plaintiff's motion to extend expert discovery deadlines for want of good cause (quoting Fed. R. Civ. P. 16(b)(4)). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Id*. (quoting *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2001)); *see also Dowling v. Cleveland Clinic Found*., 593 F.3d 472, 478 (6th Cir. 2010) (listing factors—including when the party learned of the issue that is the subject of discovery, the length of the discovery period, and any dilatory conduct by the moving party—to guide consideration of requests to amend the court's scheduling order (citation omitted)).

2

The Court finds that plaintiffs have not demonstrated good cause for their request. As an initial matter, plaintiffs have failed to show that they exercised diligence in attempting to meet the Court's extended deadline. Indeed, plaintiffs provide no basis at all for the request beyond representing that they "need an additional thirty (30) days to furnish the reports of their experts[.]" (Doc. No. 14, at 1.) Even after the Court permitted briefing on the motion, plaintiffs were still unable to offer even an explanation—let alone a justification—for why they could not operate within a deadline that the Court previously agreed to extend by 60 days at their request.[1]

In their reply, plaintiffs note that Attorney John R. Liber, III "was brought onto the case just three months ago (April 14, 2026)." (Doc. No. 16, at 1.) Yet, this rings hollow as Attorney Liber's firm brought the present action, and it has been staffed throughout by members his firm, including Patrick J. Moro, who signed the complaint (Doc. No. 1-2, at 4), represented in the Fed. R. Civ. P. 26(f) report that he was lead counsel (Doc. No. 8, at 1), and joined Attorney Liber on the present motion. (*See* Doc. No. 14, at 1.) Plaintiffs fail to explain why Attorney Liber's addition to a case already staffed by members of the same firm inhibited plaintiffs from meeting the case deadlines. Moreover, the day after Attorney Liber entered an appearance (*see* Doc. No. 12 (Notice of Appearance)), the Court granted plaintiffs a generous extension of all of the dates associated with fact and expert discovery. (Order [non-document], 4/15/2026.)

---

[1] In their reply, plaintiffs note that they have timely disclosed their experts on damages and indicate that "Counsel simply needs additional time for the experts to complete their reports." (Doc. No. 16, at 1.) Given that plaintiffs were previously afforded an additional 60 days to fully meet their expert discovery obligations, counsel's explanation that they "simply need[] additional time" falls far short of establishing good cause. Of course, had the parties faithfully provided the Court with 45-day joint status reports—as required by the Court's CMPTO (*see* Doc. No. 9, at 2) — plaintiffs could have put the Court (and opposing counsel) on notice that they were experiencing difficulty procuring the necessary reports and allowances could have been made before the balance of the Court's CMPTO dates and deadlines were placed in peril. The parties' one and only joint status report was filed on January 28, 2026. (Doc. No. 11.) Instead, plaintiffs waited until the previously-extended deadline for producing reports to apprise defendants and to again seek relief from the Court. (*See* Doc. No. 15-1 (July 13, 2026, email exchange between counsel).)

Further, the Court finds that, at this stage in the litigation, an extension of expert discovery would prejudice defendants because any such extension would have the cascading effect of jeopardizing the Court's remaining dates and deadlines. Any extension of plaintiffs' initial expert discovery deadlines would result in corresponding extensions of the remaining expert discovery deadlines beyond the filing date for dispositive motions. Defendants advise that they intend to file a motion for partial summary judgment, "at a minimum, on the application of the statutory cap on noneconomic damages pursuant to Ohio Rev. Code [§] 2315.18." (Doc. No. 15, at 5.) Plaintiffs confirm that their "expert reports will address this exact issue[,]" making an extension of the remaining dates and deadlines in the case inevitable. (Doc. No. 16, at 2.) Plaintiffs insist that they "certainly should be entitled to fully explore this issue with their experts[.]" As a general rule, the Court would agree that parties should be given a reasonable opportunity to litigate important issues relating to liability and damages. Yet, given the allegations in the complaint and the nature of plaintiffs' claims, it should have been evident from the inception of the case that issues relating to damages, including any limitation on those damages, would be central to this case and would likely benefit from expert testimony. [2]

---

[2] Plaintiffs brazenly suggest that if they are not afforded additional time to provide their expert reports, they will be "unable to prove their damages which may lead to a voluntary dismissal of the case and likely refiling (which will just re-set the whole schedule via different means)." (Doc. No. 16, at 2.) Of course, given that defendants answered the complaint long ago (*see* Doc. No. 6), plaintiffs would only be able to voluntarily dismiss this action without prejudice, and without the consent of defendants, under Fed. R. Civ. P. 41(a)(2) with leave of court. *See* Fed. R. Civ. P. 41(a)(1). While the Court makes no advance ruling on any such motion, plaintiffs are reminded that "the purpose of Rule 41(a)(2) is to protect the nonmovement . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc*., 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted). "The district court may deny the motion, require that the dismissal be with prejudice, or impose any other conditions that it deems necessary." *Wellfount Corp. v. Hennis Care Centre of Bolivar Inc*., 951 F.3d 769, 774 (6th Cir. 2020) (quotation marks and citation omitted). Such conditions may include the payment of costs to defendant "to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc*., 583 F.3d at 954 (citation omitted). Moreover, Fed. R. Civ. P. 41(d) permits a district court to require the plaintiff who has refiled an action against the same defendant to pay the defendant "all or part of the costs of the previous action[.]" Fed. R. Civ. P. 41(d)(1); *see Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 874 (6th Cir. 2000) (noting that Rule 41(d) is meant to prevent attempts to gain a tactical advantage by dismissing and refiling the suit (citation omitted).

Plaintiffs note that "[i]t is well settled in our system of justice that cases are supposed to be decided upon the merits, and not some ultra-restrictive application of procedural technicalities." (Doc. No. 16, at 2.) Again, the Court would agree with plaintiffs' general proposition of law. But, as reflected in the Federal Rules, the parties also have a right to have the Court reach the merits of the case in a timely fashion. *See* Fed. R. Civ. P. 1 (stating that the federal rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). As such, the Court's dates and deadlines are not mere procedural technicalities that the parties may lightly disregard. *Constr. Enters., Inc. v. Waterstone at Panama City Apartments, LLC*, No. 3:10-cv-711, 2011 WL 4431824, at *6 (M.D. Tenn. Sept. 22, 2011) ("'Scheduling orders are not mere formalities that can be disregarded or treated cavalierly.'" (quoting *United States v. Parker*, 165 F. Supp. 2d 431, 439 (W.D.N.Y. 2001)). Rather, scheduling orders "serve an important case management function, and their terms are binding, unless changed." *Id.* "[D]istricts courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *See Dietz v. Bouldin*, 579 U.S. 40, 47, 136 S. Ct. 1885, 195 L. Ed. 2d 161 (2016) (collecting cases); *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (District courts enjoy wide latitude in "manag[ing] the discovery process and control[ling] their dockets." (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)). The Court has both the right and the duty to manage its docket in a timely and efficient manner, and the Court cannot justify delaying the disposition of this case based upon plaintiffs' insufficiently-supported request for additional time.

Because plaintiffs have failed to demonstrate good cause, their motion to further extend the deadline to provide expert reports is denied. Moreover, going forward, the parties are reminded

that the Court requires the filing of 45-day joint status reports.

**IT IS SO ORDERED**.

Dated: July 23, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**