**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY W. MURRAY, et al., | ) | CASE NO. 4:25-cv-2482 |
| | ) | |
| Plaintiffs, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| HERITAGE THERMAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on the motion of plaintiffs, Timothy and Colleen Murray, to voluntarily dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. No. 18 (Rule 41(a)(2) Motion).) Defendants, Heritage Thermal Services and Heritage Thermal Services, Inc., oppose the motion. (Doc. No. 19 (Opposition).) Plaintiffs subsequently filed a motion seeking leave to file a reply, which the Court has construed as a reply in support of voluntary dismissal, and the Court has considered the reply on its merits. (Doc. No. 20 (Reply).)

## I. BACKGROUND

On November 14, 2025, defendants removed to federal court a personal injury action filed by plaintiffs seeking damages for serious injuries sustained by Timothy Murray in a work-related accident. (Doc. No. 1 (Notice of Removal); *see generally* Doc. No. 1-2 (Complaint).) At the December 12, 2025, Case Management Conference, the Court set dates and deadlines for this case,

based largely on the parties' jointly proposed dates. (Doc. No. 9 (Case Management Plan and Trial Order ("CMPTO")); Minutes of Proceeding [non-document], 12/12/2025; *see* Doc. No. 8 (Report of Parties' Planning Meeting).) On April 14, 2026, plaintiffs filed a motion to extend certain dates in the CMPTO, including an approximately five-month extension of fact discovery, and two-month extensions of the expert discovery deadlines. (Doc. No. 13 (Motion to Extend).) Even though the motion provided no basis for the requested extensions, the Court granted the motion, as it was unopposed. (Order [non-document], 4/15/2026; *see* Doc. No. 13, at 1.[1])

As a result of the extensions, plaintiffs' deadline for providing expert reports was continued from May 13, 2026, to July 13, 2026. (Order [non-document], 4/15/2026.) On the final day of the extended period—July 13, 2026—plaintiffs moved for a further 30-day extension. (Doc. No. 14 (Second Motion to Extend).) In their essentially one paragraph motion, plaintiffs offered no basis for the requested second extension, other than to simply state that additional time was needed to furnish expert reports. (*Id.* at 1.) Defendants opposed the motion, noting that plaintiffs had not proffered a reason for the request, and had, therefore, failed to demonstrate good cause. (Doc. No. 15 (Opposition), at 2.) Even in their reply, plaintiffs gave no reason for the second extension of the expert report deadline. (*See generally* Doc. No. 16 (Reply).) Instead, plaintiffs merely complained that, if the extension were not granted, they would "be unable to prove their damages which may lead to a voluntary dismissal of the case and likely refiling (*which will just re-set the whole schedule via different means*)." (*Id.* at 2 (emphasis added).)

The Court denied the motion for want of good cause. (Doc. No. 17 (Memorandum Opinion

[1] All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

& Order).) With respect to plaintiffs' "brazen[] suggest[ion]" that if they were not afforded additional time they would likely voluntarily dismiss and then refile in order to get new CMPTO dates and deadlines, the Court cautioned plaintiffs that they would only be able to dismiss without prejudice with leave of court. (*Id*. at 4 n.2.) Further, it underscored:

> [w]hile the Court makes no advance ruling on any such motion, plaintiffs are reminded that "the purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc*., 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted). "The district court may deny the motion, require that the dismissal be with prejudice, or impose any other conditions that it deems necessary." *Wellfount Corp. v. Hennis Care Centre of Bolivar Inc*., 951 F.3d 769, 774 (6th Cir. 2020) (quotation marks and citation omitted).

(*Id*.) The motion to voluntarily dismiss without prejudice followed twelve days later. (*See* Doc. No. 18.)

## II. DISCUSSION

In the present motion, plaintiffs seek voluntary dismissal "so they can fully prepare expert witness disclosures and reports, evaluate the case from a settlement standpoint, and not impact either the Court's docket nor other parties within the revised case management schedule." (*Id*. at 1.) Plaintiffs' counsel represents that he "plans on making every reasonable effort to reach a productive settlement with the defense after dismissal." (*Id*.) According to plaintiffs, the motion is "well-founded" given that the case has only been pending for eight months, the "burden of deposing the defense witnesses has not been expended, and no motion for summary judgment is pending." (*Id*. at 1–2.) Plaintiffs also note that the trial is still six months away, so "neither party can claim to have expended resources preparing for same." (*Id*. at 2.)

It comes as no surprise that the motion is opposed. Defendants insist that plaintiffs have not diligently prosecuted this case and note that plaintiffs essentially admit that they only seek voluntarily dismissal to avoid the Court's ruling denying their motion to further extend the deadline for producing expert reports. (Doc. No. 19, at 2.) Defendants maintain that Sixth Circuit law plainly prohibits such "end-run[s]" around a district court's ruling. (*Id.*)

**A. Governing Law**

Rule 41(a)(2) provides a plaintiff with a means by which to voluntarily dismiss his own case. Notwithstanding a few caveats not at issue here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the [court's] order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." *Id.* As noted, the requirement of court approval exists primarily to protect the non-movant "from unfair treatment." *Bridgeport Music, Inc.*, 583 F.3d at 953 (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (further citation omitted)). Thus, while the decision to dismiss under this rule is discretionary, a district court abuses that discretion when a dismissal without prejudice would cause the defendant to suffer "plain legal prejudice." *Grover*, 33 F.3d at 718 (citations omitted); *see Wellfount Corp.*, 951 F.3d at 774 ("A plaintiff who moves to dismiss its action via court order . . . is subject to the discretion of the district court." (citations omitted)).

"The mere prospect of having to face a second lawsuit" is not the type of prejudice that Rule 41(a)(2) contemplates. *Jones v. W. Reserve Transit Auth.*, 455 F. App'x 640, 643 (6th Cir. 2012) (citation omitted). Instead, the Court considers several factors in deciding whether a defendant will suffer "plain legal prejudice" from a dismissal without prejudice: (1) the

defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence by the plaintiff in prosecuting the action, (3) insufficiencies in the plaintiff's explanation of the need for a dismissal, and (4) whether a summary judgment motion is pending. *Bridgeport Music*, 583 F.3d at 953 (citing *Grover*, 33 F.3d at 718 (quotation marks and further citation omitted)). "The *Grover* factors are not an exclusive or mandatory list[,]" and district courts need not analyze each factor or limit their consideration to those factors alone. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (citations and further quotation marks omitted). As explained below, a balancing of the *Grover* factors clearly weighs against a voluntary dismissal without prejudice.

**B. Application of the *Grover* Factors**

With respect to the first factor—a defendant's effort and expense—defendants note that they have nearly completed all fact discovery (the current fact discovery deadline is September 8, 2026) and expert discovery (the current expert deadline is September 16, 2026). (Doc. No. 19, at 4.) According to defendants, they have incurred "substantial costs in collecting medical records and preparing their experts' reports (currently due on September 1, 2026)." (*Id.* at 4–5.) They have "further conducted written discovery and taken" plaintiff Timothy Murray's deposition. (*Id.* at 5.) And as to the fourth factor—the filing of a motion for summary judgment—defendants note that they are in the process of preparing a summary judgment motion, which is due September 16, 2026. (*Id.*) Plaintiffs do not necessarily question these efforts but insist that "[t]he responses to written discovery, the deposition of [Timothy Murray] and the medical records will not change and could be easily re-applied in another action." (Doc. No. 20, at 1.) They also distinguish the present case from those where a summary judgment motion has already been filed. (*Id.* at 2–3.)

The Court finds that the first and fourth factors fall somewhere in the middle of cases evaluating the non-movant's efforts and expenses as contributing to a finding that the non-movement will experience plain legal prejudice from a dismissal without prejudice. On the side finding no plain legal prejudice are truly nascent cases where the non-movant has engaged in little or no discovery or trial preparation. On the other side finding the requisite prejudice are cases in which discovery is closed, summary judgment is pending, and a trial date is looming. *Compare Davis v. Laboratory Corp. of Am. Holdings*, No. 4:11-cv-541, 2011 WL 2112559, at *1 (N.D. Ohio May 27, 2011) (finding the first *Grover* factor favored dismissal where "[t]he case is at a very early stage and any expense that the Defendant may have incurred is still comparatively small"); *Elektra Entm't Grp., Inc. v. Licata*, No. 07-cv-569, 2008 WL 4059796, at *3 (S.D. Ohio Aug. 25, 2008) (despite the defendant's efforts and expense, the parties had only engaged in limited discovery); *with Jones v. Lemke*, 178 F.3d 1294 (Table), 1999 WL 107984, at *2 (6th Cir. Feb. 9, 1999) (upholding a finding of plain legal prejudice, in part, by explaining that "[t]he defendants put forth considerable effort and expense in preparing their motion for summary judgment"); *Rast v. City of Pigeon Forge*, No. 3:10-cv-52, 2011 WL 884041, at *3 (E.D. Tenn. Mar. 11, 2011) (defendant undertook substantial effort and expense after engaging in discovery, serving interrogatories, requests for production, and requests for admissions; scheduling depositions; and filing an expansive motion for summary judgment).

Moreover, balanced against the moderate effort that defendants have expended is the fact that much of the fruits of their labor will be transferrable to any refiled case. *See Stewart v. Gabriel Brothers, Inc.*, No. 3:23-cv-346, 2025 WL 914128, at *3 (E.D. Tenn. Mar. 26, 2025) (finding the first *Gover* factor favored dismissing the action without prejudice where "everything the

Defendant has expended time and effort on in this matter has been preserved" for a second lawsuit (quotation marks and record cite omitted)) (collecting similar cases). And while defendants maintain that they are "in the middle of preparing" a summary judgment motion, they have not argued that these efforts would be wasted should the case be refiled. (Doc. No. 19, at 5); *Stewart*, 2025 WL 914128, at *5 ("Although Defendant invested some resources in its [summary judgment] motion prior to filing it, this factor is not dispositive, and this work product could be used in a later suit should Plaintiff re-file [her] Complaint." (internal quotation marks and citations omitted)). The Court, therefore, finds that the first factor is neutral and the fourth factor weighs slightly in favor of voluntary dismissal.

The second *Gover* factor considers a plaintiff's diligence in prosecuting its case, and the Court finds that this factor weighs against voluntary dismissal. By counsel's own admission, plaintiffs "could have arguably been more diligent[.]" (Doc. No. 20, at 3.) Despite being granted generous extensions of all expert and non-expert discovery deadlines, it does not appear that plaintiffs have taken any depositions and have failed to produce their expert reports. Moreover, plaintiffs waited until the last day of the extended period set aside for them to produce expert reports to request (without any explanation or justification) even more time. In contrast to defendants' diligent defense of this action, plaintiffs have been dilatory in their prosecution of this case. *See Stoumile v. Eby-Brown Co., LLC*, No. 3:22-cv-177, 2023 WL 7002783, at *3 (S.D. Ohio Oct. 24, 2023) (second *Grover* factor weighed against dismissal without prejudice where plaintiff requested extensions of discovery deadlines and subsequently failed to comply with extended deadlines).

Further, the Court is not persuaded by plaintiffs' observation that the case has only been pending for 8 months. (Doc. No. 18, at 1.) The Court's Differentiated Case Management ("DCM") system, set forth in Local Rules 16.1 to 16.3, provides the mechanism by which courts in this judicial district administer cases in an effective and efficient manner. *See* L.R. 16.1(a). Under the DCM system, standard cases (such as the present case) are to be completed within 15 months or less after filing. L.R. 16.2(a)(2)(B). The Court selected the dates in the original CMPTO and granted the first lengthy continuance with these limitations in mind, and, to date, more than half of the time allotted to complete the case under the DCM has expired. Plaintiffs' suggestion that this case is in the early stages of litigation is both inaccurate and disregards the Court's obligation to administer its cases in a timely manner. That plaintiffs have not yet expended resources deposing defendants' witnesses, as they highlight in support of their motion (*see* Doc. No. 18, at 1), only serves to underscore the lack of diligence with which plaintiffs have prosecuted this case. The second *Grover* factor weighs against allowing a voluntary dismissal without prejudice.

It is the third *Grover* factor—"insufficient explanation for the need to take the dismissal"—that most clearly weighs against granting the present motion. *Grover*, 33 F.3d at 718. Plaintiffs make no bones about the fact that the impetus for the present motion is a desire to avoid the Court's denial of their motion to extend the already extended deadline for expert discovery. (Doc. No. 18, at 1 ("Plaintiffs seek dismissal so they can fully prepare expert witnesses disclosures and reports[.]"); *see also id.* at 2 ("Finally, in that the expert disclosure deadline has expired, and while Plaintiffs disclosed the identities of their experts (they were unable to produce reports within the deadline) proceeding to trial without expert testimony would serve to Plaintiffs' detriment.") Plaintiffs' desire to obtain through a Rule 41(a)(2) dismissal without prejudice what they could

not obtain directly through a motion to extend deadlines represents an insufficient reason to grant voluntary dismissal, and Sixth Circuit jurisprudence supports such a conclusion. *See Dunlap v. Sevier Cnty., Tenn.*, No. 20-6216, 2021 WL 3123914, at *6 (6th Cir. July 23, 2021) (affirming district court's denial of Rule 41(a)(2) motion to voluntarily dismiss without prejudice because "the [district] court reasonable explained that dismissal was not warranted where plaintiff's only justification was an 'obvious desire to restart the litigation and secure by other means the scheduling relief' that was previously denied, which plaintiff does not dispute here." (quoting district court decision)); *see also McEachern v. Whirlpool Corp*., No. 2:19-cv-13084, 2020 WL 13499903, at *1 (E.D. Mich. Jan. 15, 2020) ("And 'a party is not permitted to dismiss merely to escape an adverse decision [or] to seek a more favorable forum.'" (quoting *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999))); *see, e.g., Williams v. Schismenos*, No. 5:15-cv-2345, 2017 WL 1024034, at *6 (N.D. Ohio Mar. 16, 2017) (denying motion to voluntarily dismiss without prejudice where "it is clear that the present motion represents an impermissible attempt to maneuver around the Court's refusal to further extend discovery").

Plaintiffs insist that *Dunlap* is distinguishable because, there, "the plaintiff died seven months into discovery, counsel spent several months trying to open the estate, did not seek to stay or modify the discovery order, and summary judgment was filed to which plaintiff's counsel failed to timely respond." (Doc. No. 20, at 2.) To be sure, there are procedural differences between *Dunlap* and the present case, but those differences do not detract from the teaching in *Dunlap* that Rule 41(a)(2) cannot be used to undo a district court's ruling or reset case management dates that were missed due to inattention.

In *Dunlap*, plaintiff's counsel was apparently occupied with addressing the death of the plaintiff and did not conduct any discovery. 2021 WL 3123914, at *3. Counsel sought a Rule 41(a)(2) voluntary dismissal after defendants moved for summary judgment and the district court denied plaintiff's motion for discovery under Fed. R. Civ. P. 56(d). *Id.* at *3. In finding that the third *Grover* factor weighed against voluntary dismissal without prejudice, the district court in *Dunlap* determined that plaintiff was improperly attempting to use Rule 41(a)(2) to undo a prior discovery order, the denial of the Rule 56(d) discovery motion. *Id*. at *6. The district court considered this significant, because regarding the second *Grover* factor it found that "there is no excuse apparent from the record for the complete failure by plaintiff's counsel to make any detectable effort to obtain the discovery that the plaintiff now says she needs to rebut the defendants' challenges." *Id.* (quoting district court decision) (quotation marks omitted).

Like the situation presented in *Dunlap*, the Court finds no excuse for plaintiffs' failure to diligently prosecute this case, including their failure to timely produce expert reports. And like the district court in *Dunlap*, this Court further concludes that plaintiffs should not be permitted to use Rule 41(a)(2) to obtain indirectly what this Court has already directly denied, here, additional time to produce expert reports. It is true, however, that the defendants in *Dunlap* had also moved for summary judgment. While defendants in this case represent that they are currently working on their summary judgment motion, the deadline for filing dispositive motions is still several weeks away. But that is just one of several factors the Court must consider. *See Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 316 (6th Cir. 2019) (recognizing that "[w]hether a dispositive motion is pending is merely a relevant factor under *Grover*, it is not dispositive[,]" and finding that, as to this factor, "[i]t suffices that the trial court considered the posture of the case" (citations omitted)).

For reasons discussed above, the Court finds that the balance of the *Grover* factors weighs against granting plaintiffs an unconditional voluntary dismissal without prejudice, which is what their motion seeks. Because dismissal at this stage will cause defendants to suffer plain legal prejudice, plaintiffs' motion to voluntarily dismiss without prejudice is DENIED.

**IT IS SO ORDERED**.

Dated: August 26, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**